**In re 1243 20TH STREET, INC., t/a The Greenery, Debtor.**

**Bankruptcy No. 80–351.**

United States Bankruptcy Court, District of Columbia.

Oct. 24, 1980.

Richard H. Gins, Washington, D. C., for debtor.

Paul L. Pascal, Washington, D. C., for creditors' committee.

## MEMORANDUM OPINION

### (Application for Appointment of Examiner)

ROGER M. WHELAN, Bankruptcy Judge.

The sole issue presented in this proceeding involves the exercise of the Court's discretion in the appointment of an examiner pursuant to Section 1104(b)(1) of the Bankruptcy Code.[1]  In this Chapter 11 case, creditors' committee counsel has filed an application for the appointment of an examiner which alleges, *inter alia*, as follows:

> "As a result of the informal meeting of creditors, questions of fraud, dishonesty, misconduct, and mismanagement in the management of the affairs of the debtor have arisen.  Due to lack of reliable information concerning the affairs and various transfers of said debtor, and its relationship with other corporations controlled by the debtor's president, no creditor is in a position to formulate a plan for debtor's reorganization ...  An investigation of the acts, conduct, property and financial condition of the debtor, the operation of its business, and the desirability of the continuance thereof, ... should be made by a disinterested person..."

At a scheduled hearing conducted in the Bankruptcy Court on October 1, 1980, the following facts were adduced:  In October 1976, the debtor corporation merged with another corporation known as 1243 20th Street, Inc., (trading as Rocky Racoon's), with which the debtor's principal officer, Richard Stewart, was also affiliated.  Since 1976, the debtor has operated a restaurant

---

1.  11 U.S.C. 1104 provides, in pertinent part: "(b) ... the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if-
    (1) such appointment is in the interests of creditors, any equity security holders, and any other interest of the estate; ..."

known as "The Greenery." The operations of the debtor–in–possession have been conducted by another corporation, Restaurant Management, Inc., (hereinafter "RMI"), in which the debtor's president, Richard Stewart, is also an officer and director. The management contract and the testimony of Richard Stewart offered at the hearing reflected that approximately $23,000 is owed to the debtor–in–possession by RMI, although the contract provides for RMI to receive weekly payments based on 3% of gross sales.

In addition to RMI and the debtor corporation, Richard Stewart is also an officer and director in two other corporations, 1716 H Street, Inc., and Paradise Cafe, Inc. Paradise Cafe, Inc., is a scheduled creditor of the debtor in the approximate amount of $40,000. Mr. Stewart also testified that in recent years he has been involved in several other restaurant operations in the D.C. area, including: P. W.'s Saloon, 1144 18th Street, Inc., and 1716 H Street, Inc., (also trading as "The Greenery"). In addition to "Rocky Racoon's" and its successor corporation, Mr. Stewart further testified that several law suits are presently pending against the debtor, and the Court notes that three pending suits have been listed in the Statement of Affairs filed by the debtor. See Statement of Affairs, Item 12b.

The documentary and testimonial evidence, received in the context of this hearing, establishes that the debtor–in–possession, at a time when insolvent, transferred over an approximate 6–month period of time, an amount in excess of $60,000 to a corporate entity known as 1716 H Street. This corporation, in turn, operates a restaurant (also trading as "The Greenery") at a location approximately 4 blocks away from the debtor's present restaurant location[2]. The only consideration for this loan appears to be an unsecured promissory note payable to the debtor in installments of $500 per

month over a 5–year period of time. Interestingly enough, the promissory note in issue was executed and dated on July 31, 1980, just 18 days prior to the filing of the subject Chapter 11 case. Moreover, in connection with the operation of the present restaurant operation at 1144 18th Street, N.W., the debtor is presently conducting his business operations on a month–to–month basis.

■ While the existence of several related corporate entities including a management firm, does not, per se, constitute a factual predicate for the appointment of an examiner, the relationship of the debtor herein to the 1716 H Street corporation does form the factual basis for the appointment of an examiner in this case. Clearly, these are circumstances which merit an investigation by an experienced examiner. The statute casts the appointment for an examiner of the light of "... the interests of creditors ..." [11 U.S.C. § 1104(b)(1)]. The appointment of the examiner is not limited to large, publicly owned corporations[3] but is geared to those businesses where the court finds that an investigation pertaining to "fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor". is warranted. [11 U.S.C. § 1104(b). See 11 U.S.C. § 1106(b) (duties of an examiner).] Debtor's counsel argues that the Code favors the concept of a debtor–in–possession, and the appointment of an examiner will disrupt present management and result in unnecessary expense to the estate.

■ The court has carefully weighed the debtor's position in its decision, but believes that an examiner will entail. less administrative expense than the appointment of an independent trustee, and, in view of the examiner's limited role, will not result in any untoward disruption of the debtor's

2. As noted previously, Richard Stewart is president and director of both the debtor and 1716 H Street, Inc.

3. It should be noted, of course, that the appointment of an examiner is mandatory when

"the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000." 11 U.S.C. § 1104(b)(2).

business. Section 1106 specifically delineates the duties of the examiner to conducting an investigation and rendering a statement of its investigation. The Court envisions that the investigation by an examiner in this case, particularly vis–a–vis the complex interrelationship of various corporate entities involved here, can be performed far more suitably by an examiner than by a creditors' committee. While a creditors' committee is well suited to overseeing the operations of a business, especially the financial and economic aspects of the debtor's operations, the examiner is far better able to to undertake an in–depth investigation, a function warranted by the facts presented here. The Court believes that the appointment of an examiner is warranted whenever allegations of corporate fraud or misconduct are substantiated by credible evidence. Of course, the hearing on the appointment of an examiner is, at this early juncture of the case, limited in scope and not in the nature of an adversary proceeding. Therefore, this opinion is not intended to reach the merits of a particular transaction or transactions in which the debtor may have been involved.

On the other hand, the Court does not intend to intimate that the appointment of an examiner should be routinely granted; but, rather, the Court believes that the application of § 1104(b) should be limited to cases in which there is sufficient evidence to provide a factual basis for the granting of such relief. In such cases, the creditors are entitled to the protection afforded by the Bankruptcy Code under § 1104(b). Ultimately, the interests of all parties is best served by such an investigation. The role of the examiner requires that he be disinterested. Accordingly, the objective statement rendered may be of immeasurable importance in determining those matters relating to vital aspects of the reorganization case.

Therefore, based on the evidence of record, and for the reasons set forth herein, the Court concludes that the appointment of an examiner is warranted, and an order was entered on October 1, 1980 granting this relief.